BOOKOUT, Judge.
Assault with intent to murder; sentence: twelve years imprisonment.
On the night of August 13, 1977, Deputy Sheriff James Hatcher of the Henry County Sheriff’s Department responded to a call to go to the cabin of the appellant’s former father-in-law, Joe Gissendanner, located in Henry County, Alabama. There he found bullet holes in the cabin made by a shotgun. As Hatcher stood in the road looking for spent shells, a red-maroon colored truck fitting Gissendanner’s description of the assailant’s vehicle drove by the cabin. Hatch-er shined a flashlight into the truck cab and observed appellant driving the vehicle. Mr. Gissendanner exclaimed that appellant was the assailant, and Hatcher and another officer, Deputy Smith, gave chase in their vehicle. A second sheriff’s car followed them as well. They rounded a curve and followed appellant into a peanut field. Hatcher stated he was in uniform and had the blue light flashing on the dashboard of his unmarked car. His headlights were shining directly on the appellant who was some seventy-five to ninety-five yards away. Hatcher stepped out of his vehicle and shouted for appellant to come out with his hands in the light where they could see them. Appellant replied, “come and get me, you son-of-a-bitch,” and opened fire with a shotgun on the officers. Officer Hatcher and other officers present at the scene returned the fire. Appellant then backed out of the field and escaped down a side road. He was later apprehended by State Troopers who stopped his truck and placed him under arrest.
Officer Smith, who rode with Hatcher, and Deputy Hancock, who was on the scene in another vehicle, corroborated Deputy Hatcher’s story.
Appellant testified that he could not see that Hatcher was a law enforcement officer when he passed him in the road because of a flashlight shining in his eyes. He alleged that Mr. Gissendanner screamed, “we got you now . . . you’re in a dead-end street and you have got to come back by us and we are going to kill you,” causing him to flee in fear of his life. He stated that unidentified cars followed him into the field, shining their lights directly into his eyes. He said he saw no blue light flashing and that nothing was said to him before they opened fire. He testified that he was fired upon twice and only then did he fire, aiming over the two vehicles. He said that at no time did he know they were law *599 enforcement officers, but thought instead that they were just four men trying to kill him.
I
Appellant argues that the trial judge erred in denying his motion for new trial based upon newly discovered evidence. That evidence consisted of the testimony of an auxiliary law enforcement officer, Joel McFearson, who was present at the scene of the assault, but did not testify at trial.
On the first day of trial, counsel for appellant asked witness Hatcher if there was an auxiliary deputy present, and Hatcher answered that there was. On the second day of trial, Officer Horace Hancock testified in answer to a question as to what officers were present, “Deputy Hatcher, Deputy Smith, and myself and auxiliary Deputy McFearsoii, I believe is his name.” In addition, appellant himself testified that there were four men in the field.
Appellant argued that the presence and name of the fourth officer was newly discovered evidence requiring a new trial. As this court pointed out in Zuck v. State, 57 Ala.App. 15, 325 So.2d 531 (1975), newly discovered evidence requiring a new trial must be such that it could not have been discovered before trial with the exercise of due diligence. Clearly, such was not the case here. Appellant, himself, knew that there were four officers present. As well, Officer Hancock testified at trial that the auxiliary deputy had been present and even stated his name. An instanter subpoena could have been obtained for that witness at that time. We do not believe the fact of the officer’s presence at the scene, and hence the possible value of his testimony, was not discoverable prior to trial by appellant by an exercise of due diligence.
Further, for new evidence to mandate reversal, it must be such as will probably change the result if a new trial is granted. It must not be merely cumulative of previous testimony. Lewis v. State, Ala.Cr. App., 367 So.2d 542 (1978); Zuck, supra. A careful reading of Officer McFearson’s testimony at the hearing on the motion for new trial reveals it does nothing more in material substance than to corroborate the earlier testimony of the other officers. The motion was correctly denied.
II
Appellant’s other assignments of error are based on the contention that expert testimony by a defense witness was erroneously restricted by the trial judge. Clarence W. Slaughter, presented as a firearms expert by appellant, was not allowed to testify as to the results of certain tests he performed. The tests were conducted at a distance of fifty yards from a target with 00 buckshot with a 12 gauge Remington 1100 automatic shotgun of unknown barrel length. The evidence indicated the assault took place at a distance of seventy-five to ninety-five yards with a shotgun firing magnum buckshot. The test gun used was not shown to be the assault weapon. Mr. Slaughter was later allowed to testify, however, to the effective ranges of a 12 gauge Remington 1100 automatic shotgun shooting both an average load and a magnum load. He said the effective range would be forty to forty-five yards respectively.
There must be a similarity of condition to give an experiment probative value sufficient to warrant its admission at trial. Dissimilarity of essential particulars between the test and actual conditions require that such evidence be rejected. The decision as to the sufficiency or dissimilarity of particulars of such tests is vested in the sound discretion of the trial judge. Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958). We cannot say the court erred in the exercise of its discretion in the immediate case. Moreover, the appellant was allowed to introduce the primary opinion for which the expert was called, i. e., the maximum effective range of such a shotgun. We find no error in the lower court’s rulings.
The evidence was in conflict which presented a jury question and which the jury resolved in favor of the State’s witnesses and against the testimony of the *600 appellant. We have reviewed the grounds for reversal relied upon by appellant in light of the record and the briefs and find no prejudicial error to the substantial rights of appellant which would mandate a retrial of this cause.
AFFIRMED.
All the Judges concur.